REQUESTED BY: Anna J. Sullivan, Director Nebraska Public Employees Retirement Systems
During its 2003 session, the Nebraska Legislature amended the statutes dealing with retirement of judges to provide that a judge shall not be allowed to retire when a matter is pending against him or her before the Nebraska Commission on Judicial Qualifications (the "Commission"). 2003 Neb. Laws LB 320, § 3. In our Op. Att'y Gen. No. 03019 (July 9, 2003), we discussed that legislation, and the duties of the Nebraska Court Administrator. You have now posed a number of additional questions to us regarding that same legislation and the duties of your agency with respect to judicial retirement.
 BACKGROUND
The Nebraska statutes dealing with judges' retirement are found at Neb. Rev. Stat. §§ 24-701 through 24-714 (1995, Cum. Supp. 2002). Prior to May 30, 2003, and the passage of LB 320, Neb. Rev. Stat. §24-708 (Cum. Supp. 2002) stated, as is pertinent:
 (1) Any judge may retire upon reaching the age of sixty-five and upon making application to the [Public Employees Retirement] board. Upon retiring each such judge shall receive retirement annuities as provided in section 24-710.
* * *
 (4) The effective date of retirement payments shall be the first day of the month following (a) the date a member qualifies for retirement as provided in this section or (b) the date upon which a member's request for retirement is received on an application form provided by the retirement system, whichever is later. An application may be filed no more than ninety days in advance of qualifying for retirement.
LB 320 was passed by the Legislature and approved by the Governor on May 29, 2003. AM 2003, an amendment to that bill which was passed late in the legislative session, changed the language in two statutes dealing with judicial retirement. First of all, that amendment changed § 24-708(1) to provide that a judge may retire at age 65 (or at age 55 for early retirement) "except as provided in section 24-721." AM 2003 then added the following language to § 24-721:
A judge who receives official notice of a complaint or request pursuant to this section shall not be allowed to retire pursuant to the Judges Retirement Act until the matter is resolved by the commission [on Judicial Qualifications] or the Supreme Court, if the commission recommends action by the court.
 ANALYSIS
You have posed several questions to us, and we will respond to each in turn.
"(1) Does AM 2003 to LB 320 impose on NPERS any obligation to verify with the Commission on Judicial Qualifications that a Judge has no pending complaints filed against him/her before accepting a Judge's retirement application?" (Emphasis in original).
The literal language of AM 2003 does not impose affirmative obligations on Nebraska Public Employees Retirement Systems ("NPERS") or on any other state agency with respect to verification with the Commission that a judge has no pending complaints filed against him or her prior to retirement. However, that amendment also states that no judge shall be allowed to retire if that judge has received official notice of a complaint against him or her before the Commission. In that regard, we indicated in our Op. Att'y Gen. No. 03019 (July 9, 2003) that it is our view that all a judge need do to retire is to reach age 65 and to file a proper application for retirement with the Nebraska Public Employees Retirement Board (the "Board"). Consequently, we believe that the Board (and NPERS), as the agency responsible for filing a judge's retirement application, must make some effort to determine if there are pending complaints regarding a judge before the Commission before it accepts that judge's retirement application. To do otherwise and accept an application before making such a determination would be contrary to the requirements of AM 2003 and the amended § 24-721.
With respect to the verification process for possible complaints against a judge before the Commission, we would note that confidentiality concerns may prevent the Commission from responding to an inquiry from NPERS regarding such complaints. Nebraska Constitution, art. VII, § 30; Neb. Rev. Stat. § 24-726 (1995). For that reason, NPERS may wish to consider adding some questions to its application materials which make inquiry of a judge who wishes to retire as to whether he or she has received notice of an official complaint from the Commission. That would allow NPERS to make the determination required by AM 2003 and § 24-721.
"(2) As an alternative to question (1), does AM 2003 to LB 320 impose on NPERS any obligation to verify with the Commission on Judicial Qualifications that a Judge has no pending complaints filed against him/her before processing a Judge's retirement application?" (Emphasis in original).
We are not entirely sure what distinction you wish to draw between accepting and processing a judge's retirement application. However, if retirement of a judge occurs when his or her application for retirement is filed with the Board, then it seems to us that acceptance of the application triggers the retirement, not processing the form at some later point. Therefore, we believe that NPERS, under AM 2003 and § 24-721, must inquire about the status of complaints involving a judge before it accepts a retirement application, and not before processing.
"(3) Does AM 2003 impose on any other entity, such as the State Court Administrator or the Commission on Judicial Qualifications, an obligation to inform NPERS when a complaint has been filed against a Judge under 24-721?"
As discussed above, AM 2003 places no affirmative obligations upon any state agency to notify NPERS when a complaint has been filed against a judge. In addition, as we noted in our Opinion No. 03019, the duties of the State Court Administrator with respect to judicial retirement appear more related to determination of the first date for retirement payments than to the actual retirement itself. Finally, there are confidentiality provisions regarding certain activities of the Commission. Nebraska Constitution, art. VII, § 30; Neb. Rev. Stat. § 24-726 (1995). For those various reasons, we do not believe that AM 2003 places an obligation on other entities such as the State Court Administrator or the Commission to inform NPERS when a complaint has been filed against a judge.
"(4) If a Judge does have a complaint pending under § 24-721, does the pending complaint delay his effective date of retirement under § 24-708 until the matter is resolved? For example, if his effective date of retirement would normally be June 1, 2003, but the complaint is not resolved until August 22, is his effective date of retirement delayed until September 1, 2003?"
We assume that you posed this question to us in the context of the specific judge's case which was discussed in our Op. Att'y Gen. No. 03019. We indicated in that opinion that, in our view, the judge involved retired when he filed his application with the Board. Consequently, the effective date for that judge's retirement under § 24-708 was the first day of the first month after the judge's retirement application was received by the Board and after the Board was notified by the State Court Administrator that the judge's employer-employee relationship with the State was dissolved.
Apart from the specific factual situation discussed in Op. Att'y Gen. No. 03019, a judge with a pending complaint against him or her before the Commission should not be allowed to retire under the provisions of AM 2003 and the amended § 24-721 until that complaint is resolved. As a result, in the future, both a judge's retirement and the effective date of his or her retirement payments will be delayed until the Commission or the Nebraska Supreme Court deals with any pending complaints filed against that judge.
"(5) As an alternative to question (4), would the pending complaint simply delay payment without delaying the effective date of retirement? For example, using the previous facts, would his effective date of retirement remain June 1, but no payments made until September 1, 2003? If payment is delayed, will the Judge receive all missed payments in a lump sum, or will he/she only receive payments beginning the month following the date in which the complaint is resolved?"
Again, in our Op. Att'y Gen. No. 03019, we indicated that the judge at issue in that opinion had retired. As a result, he can be paid retirement benefits as per your normal procedures. In the future, a judge's retirement application should not be accepted or filed if he or she faces a pending complaint before the Commission, and all retirement payments will be delayed on that basis.
Sincerely yours,
 JON BRUNING Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
_________________________________ Attorney General